# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| QIAN WILLIAMS, | : | Case No. 1:23-cv-2 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | Judge Matthew W. McFarland |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| DALE TAYLOR, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

## REPORT AND RECOMMENDATION

---

Plaintiff, a federal prisoner proceeding without the assistance of counsel, submitted a complaint seeking declaratory judgment to the Court.  (Doc. 1).  He did not pay the filing fees required to commence the action or file an application to proceed *in forma pauperis* and without prepaying the fees.

On January 26, 2023, this Court ordered Plaintiff to either pay $402 ($350 filing fee plus $52 administrative fee) or submit to the Court an "Application and Affidavit by Incarcerated Person to Proceed Without Prepayment of Fees" within thirty days.  (Deficiency Order, Doc. 3). The Court sent Plaintiff a copy of the appropriate *in forma pauperis* application form for his convenience.  Plaintiff was specifically advised that if he failed to comply with the order, "the Court shall dismiss this case for want of prosecution."  (Doc. 3, PageID 10).  To date, Plaintiff has not paid the filing fees or filed an application to proceed *in forma pauperis* in this case.[1]  He has not taken any other action in the case.

---

[1] Plaintiff filed an application to proceed *in forma pauperis* in a separate case, but this Court denied it because Plaintiff had sufficient funds available to pay the filing fees.  *See Qian Williams v. Drug Enforcement Administration*, Case No. 1:22-cv-696 (S.D. Ohio) (Doc. 8 therein).  The Undersigned has recommended that this

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted). Failure of a party to comply with a court order warrants invocation of this inherent power. *See* Fed. R. Civ. P. 41(b).

Because Plaintiff has not complied with this Court's Deficiency Order (Doc. 3), the Undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice for want of prosecution. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

March 27, 2023                                             */s/ Caroline H. Gentry*
                                                            Caroline H. Gentry
                                                            UNITED STATES MAGISTRATE JUDGE

### Notice Regarding Objections to this Report and Recommendations

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The

---

Court deny Plaintiff's similar application in *Qian Williams v. Dale Taylor, et al.,* Case No. 1:22-cv-769 (S.D. Ohio) (Doc. 6 therein). And this Court dismissed another case for failure to prosecute where Plaintiff failed to pay the filing fees or submit an application to proceed *in forma pauperis* as ordered. *See Qian Williams v. Drug Enforcement Administration*, Case No. 1:22-cv-613 (S.D. Ohio) (Doc. 9 therein).

Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).