UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

QIAN WILLIAMS,

      Plaintiff,

  v.

DALE TAYLOR, et al.,

      Defendants.

Case No. 1:23-cv-2
JUDGE DOUGLAS R. COLE
Magistrate Judge Gentry

## OPINION AND ORDER

In her Report and Recommendation (R&R, Doc. 5), Magistrate Judge Gentry advised the Court to dismiss Qian Williams's Complaint (Doc. 1) without prejudice for want of prosecution because Williams never paid his filing fee or moved to proceed in forma pauperis. Williams objected claiming he paid the filing fee. (Obj., Doc. 6). He has also moved for declaratory judgment, injunctive relief, and suppression of illegally obtained and planted evidence. (Mot., Doc. 7). The matter is before the Court on the R&R, the Objection, and the Motion.

For the reasons discussed below the Court **ADOPTS** the R&R (Doc. 5) and **DIMISSES** this case **WITHOUT PREJUDICE** for lack of prosecution. Fed. R. Civ. P. 41(b). The Court also **DENIES** Williams's Motion (Doc. 7) as **MOOT**.

Williams alleged that two Drug Enforcement Agency (DEA) Task Force Officers conspired to violate his civil rights and to defraud the Court. (Doc. 1, #2–5). Proceeding pro se, he sued Defendants Dale Taylor and Kenneth Baker on January

3, 2023. (*Id.* at #1–2). Because Williams was a prisoner proceeding pro se, the Court referred the matter to a Magistrate Judge under this Court's General Order 22-05.

When Williams neither paid the necessary filing and administrative fees nor moved to proceed in forma pauperis, Magistrate Judge Gentry issued a Deficiency Order on January 26, 2023. (Doc. 3). That Order gave Williams 30 days to remedy the deficiency either by paying the necessary fees or moving to proceed in forma pauperis. (*Id.* at #10). When Williams had not done either by March 27, 2023, the Magistrate Judge issued an R&R recommending that the Court dismiss the case for failure to prosecute. (Doc. 5, #14).

Williams objected. (Doc. 6). In particular, he contends that he paid the filing fee from his prison trust account in March 2023 and implicitly attributes any delay to internal Bureau of Prisons processes. (*Id.* at #18–19). He similarly represents that a family member, Joven Kelly, also paid the filing fee. (*Id.* at #19). On May 8, 2023, Williams subsequently filed a motion for declaratory judgment, injunctive relief, and the suppression of allegedly illegally obtained and planted evidence. (Doc. 7).

The matter is now before the Court on the R&R, the Objection, and the Motion.

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended

2

disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up).

By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A litigant must identify each issue in the report and recommendation to which he objects with sufficient clarity for the Court to identify it, or else the litigant forfeits the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, Williams is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

For any unobjected portions of an R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the

3

recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

In applying those standards, the Court begins with Williams's sole objection claiming that he paid the filing fee. The Clerk's Office has no record of payment for Williams's case, either before or since the Magistrate Judge issued the R&R. And Williams has not attached a third-party receipt or a statement from his trust account to support his claim that he or a family member has paid his filing fee. So his objection is merely an unsubstantiated assertion unsupported by the record.

Nor can Williams rely on his incarcerated status as the basis for his failure to pay the requisite filing fee or to substantiate his claim of prior payment. Under Bureau of Prisons procedure, prison staff process BP-199 forms, which prisoners use to make withdrawals from their trust fund accounts, weekly. BUREAU OF PRISONS, *Inmate Admission and Orientation Handbook* 11 (2023).[1] And "in the absence of clear evidence to the contrary, courts presume that public officials have properly discharged their official duties." *United States v. Martin*, 438 F.3d 621, 634 (6th Cir. 2006) (quoting *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14–15 (1926)) (cleaned up). Williams has not alleged that the Bureau of Prisons staff behaved improperly or deviated from their usual processes, let alone provided clear evidence to support such a claim. So the Court has no reason to think prison staff did not follow standard prison trust fund procedures. And if that is so, presumably

---

[1] Available at https://www.bop.gov/locations/institutions/atw/atw_ao-handbook.pdf?v=1.0.2 (last visited Oct. 26, 2023).

4

Williams could provide documentary evidence supporting his claim of payment, if in fact such payment was made. Yet he has not done so.

Williams's general claim that "it takes weeks before [a B-199 form] gets approved" is no more persuasive. (Doc. 6, #18). Sixty days passed between the Deficiency Order and the R&R—plenty of time to complete a B-199 form and to obtain approval, even if that process "takes weeks." And if Williams had sent a payment that merely was delayed, it certainly would have arrived in the more than 200 days that have passed since the Magistrate Judge issued the R&R. In short, there is no reason for the Court to think that the Bureau of Prisons caused any delay, nor any reason for the Court to excuse Williams's nonpayment. So the Court adopts the R&R, overrules Williams's objection, and dismisses the Complaint for failure to prosecute. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' … necessarily vested in courts to manage their own affairs."); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001) (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)).

Next, the Court considers Williams's Motion. (Doc. 7). In that filing, Williams seeks to add Defendants and argues that the Court should suppress evidence gathered in allegedly unlawful two searches. (*Id.* at #22–25). But he does not discuss the issues related to filing fees or in forma pauperis status, so the Motion does not change the Court's determination that it should dismiss the case for failure to prosecute. Accordingly, the Court denies the Motion as moot.

Accordingly, the Court **OVERRULES** Williams's Objection (Doc. 6), **ADOPTS** the R&R (Doc. 5), and **DISMISSES** Williams's action for failure to prosecute. Fed. R. Civ. P. 41(b). The Court also **DENIES AS MOOT** Williams's Motion (Doc. 7). The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

  **SO ORDERED.**

October 30, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**